IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY MARSHALL, #183-459 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-16-813 |
| UNITED STATES | * | |
| Defendant | * | |
| | *** | |

# MEMORANDUM

Gregory Marshall, a Maryland Division of Correction prisoner housed at North Branch Correctional Institution, seeks relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The complaint alleges a member of this court, the Honorable George L. Russell, III, retaliated against Marshall by refusing to grant various requests for injunctive relief relating to his mental health problems which Marshall had sought in previous cases. (ECF 1). Marshall does not delineate whether he seeks money damages; instead, he requests that Judge Russell be ordered to recuse himself from Marshall's pending litigation. In addition to the complaint, Marshall provides a motion for leave to proceed in forma pauperis. (ECF 2).

Marshall, a self-represented litigant who has repeatedly filed complaints subject to dismissal under 28 U.S.C. §1915A and 28 U.S.C. § 1915(e)(2), is barred generally from civil filings under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[1] For reasons to follow, dismissal of the complaint without prejudice is appropriate under the "three strikes" provision.

**Analysis**

---

[1] *See Marshall v. Lanham*, No. AW-97-990 (D. Md. 1997); *Marshall v. Corr. Center of Howard Cnty.*, No. AW-97-2536 (D. Md. 1997); and *Marshall v. Kemmerer*, No. AW-02-2133 (D. Md. 2003).

Because Marshall has "three strikes" under the PLRA, he is not permitted to file a civil action unless he pays the full filing fee or proves he is under imminent danger of serious physical injury. Marshall has not paid the filing fee. Aside from his self-serving claim that he may be injured based on Judge Russell's prior rulings in his various cases, Marshall, who has unsuccessfully presented numerous claims alleging a lack of mental health care within the prison system, does not demonstrate that he is in imminent danger of serious physical harm.

Even if this case were not dismissed under the 'three strikes" provision, it could not proceed. This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss those that are frivolous, malicious or fail to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Federal Tort Claims Act provides the exclusive remedy for a tort committed by an employee of the United States acting within the scope of his or her employment. *See* 28 U.S.C. 2679(b)(1).[2] As a general matter, such action would proceed in this court after completion of

---

[2] Under the FTCA, the federal government has waived its sovereign immunity to tort liability for the negligent or wrongful acts or omissions of its employees acting in the scope of their federal employment. *See* 28 U.S.C. §§ 2671–2680. This limited waiver of sovereign immunity for damages against government tortfeasors is subject to the condition that an administrative claim must first be submitted to the appropriate agency before suit can be filed. *See* 28 U.S.C. § 2675(a). The FTCA further provides that a tort claim against the United States "shall be forever barred" unless (1) the claim is presented to the "appropriate Federal agency within two years after such claim accrues," and

administrative review. Marshall does not indicate that administrative review has been completed, nor does he appear to seek tort damages. Even if these prerequisites were met, an FTCA action against a federal judge would be barred by judicial immunity.

Title 28 U.S.C. § 2674 of the FTCA provides in relevant part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

Federal judges are immune from liability for damages for "acts committed within their judicial jurisdiction." *Imbler v. Pachtman,* 424 U.S. 409, 419 (1976); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Smith v. Nationstar Mortage, LLC, et al.,* 2015 WL 9581802*4 (D. Md. December 28, 2015). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had jurisdiction over the subject matter before him. *Stump*, 435 U.S. at 356. Unless it

---

(2) the claim is brought to Federal court "within six months" after the agency acts on the claim. *See* 28 U.S.C. § 2401(b).

can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356-57. Here, the judge was clearly acting within his "judicial jurisdiction" while presiding over Marshall's cases. Thus, where a federal judicial officer's actions form the basis for the FTCA claim, the United States may assert judicial immunity if the individual judicial officer would be immune from suit. *See Tinsley v. Widener,* 150 F.Supp.2d 7, 12 (D. D.C. 2001) (explaining that the United States possesses whatever immunity is available to the judicial officer whose act is the basis of the suit); *Coulibaly et al v. Chasanow, et al*., 2015 WL 877786 (D. Md. February 27, 2015) (FTCA claim). Because judges are entitled to absolute immunity, the United States would be immune from suit as well. *Tinsley,* 150 F.Supp.2d at 12 (judicial immunity protects United States from FTCA suit). While Marshall may file any appropriate motion for recusal in his pending cases before Judge Russell, his attempt to achieve such result through the instant lawsuit is inappropriate and will not proceed.

For these reasons, a separate order shall be entered denying in forma pauperis status and dismissing the case.


Date: March 28, 2016                        _____/S/_____
                                             Catherine C. Blake
                                             United States District Judge